**IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JESSIE LANDON STRICKLAND,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case Number 2:07-CV-705** |
| **TIMOTHY LASHAWN WILLIAMS and EVERGREEN TIMBER, INC.,** | ) | |
| | ) | |
| **Defendants.** | | |

_____

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR IN THE ALTERNATIVE, MOTION FOR APPLICATION OF GEORGIA LAW FILED
BY DEFENDANTS TIMOTHY LASHAWN WILLIAMS AND EVERGREEN TIMBER, INC.**

_____

Comes now the Defendants Timothy Lashawn Williams and Evergreen Timber, Inc. and pursuant to Fed. R. Civ. P. 12(b)(2) and file their Motion to Dismiss on the grounds that they are not subject to the personal jurisdiction of this Court. In support of their Motion, Defendants rely this upon this Motion together with its attachments, their Memorandum of Law in Support of, the pleadings on file with the Court and such other pleadings and affidavits as may be filed hereinafter in accordance with the law.

/s/ WILLIAM H. SISSON
WILLIAM H. SISSON (SISSW9947)
CAROLINE T. PRYOR (PRYOC2802)
Attorneys for Defendants -- TIMOTHY
LAWSHAWN WILLIAMS and EVERGREEN
TIMBER, INC.

**OF COUNSEL:**
CARR, ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 - Facsimile
wsisson@carrallison.com
cpryor@carrallison.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 14th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court to the following:

David W. Rousseau, Esq.
211 West Adams Street
Dothan, Alabama 36303

/s/ WILLIAM H. SISSON
OF COUNSEL

IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE LANDON STRICKLAND, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number 2:07-CV-705 |
| TIMOTHY LASHAWN WILLIAMS and EVERGREEN TIMBER, INC., | ) | |
| | ) | |
| Defendants. | | |

_____

BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN THE
ALTERNATIVE MOTION FOR APPLICATION OF GEORGIA LAW FILED
BY DEFENDANTS TIMOTHY LASHAWN WILLIAMS AND EVERGREEN TIMBER, INC.

_____

I.    STATEMENT OF FACTS

Plaintiff instituted this action with the filing of a Complaint and Summons on July 19, 2007

in the Circuit Court of Barbour County, Eufaula Division[1], generally alleging that on October 28,

2005 Defendant Williams' negligence and wantonness caused an automobile accident between

Williams' tractor trailer and Plaintiff's vehicle on Georgia Highway 62 West. (Complaint, Exhibit A).

This accident occurred in Early County, Georgia. (Accident Report, Exhibit B). The tractor and

trailer operated by Williams were owned by Evergreen Timber, Inc. Williams was an employee of

Evergreen Timber, Inc. at the time of the accident. In his Complaint Plaintiff alleges that at the time

of the accident Williams was the employee of Evergreen Timber Inc. and was acting within the line

and scope of his employment with Evergreen Timber, Inc. (Complaint). At the time of the accident,

Williams was traveling to a delivery site in Cedar Springs, Georgia. (Oliver Affidavit, Exhibit C)

Evergreen Timber, Inc. is a corporation organized and existing under the laws of the State

of Georgia with its principal place of business in Cuthbert, Georgia. Evergreen Timber, Inc. has no

_____

[1]Defendant Evergreen Timber, Inc. was served on July 26, 2007. As of the date of
removal, Defendant Williams has not been served, but by and through counsel, Defendant
Williams consents to the removal of this matter.

employees and no offices in Alabama.  It is not registered to do business in Alabama and owns no property in Alabama.  (Oliver Affidavit)

Defendant Williams, an individual, is a Georgia resident.  (Williams Affidavit, Exhibit D) Defendant Williams does not own property in Alabama.  (Williams Affidavit)

On August 3, 2007, Defendants removed this matter from the Circuit Court of Barbour County, Alabama, Eufaula Division.  No other proceedings have been had in this matter.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Defendants are not subject to personal jurisdiction in Alabama under Alabama's Long Arm Statute.

Because Defendant Williams is a Georgia resident, and Defendant Evergreen Timber, Inc. does not have sufficient contacts with Alabama for this court to exercise personal jurisdiction, this diversity matter is due to be dismissed pursuant to Fed.R.Civ.P. 12(b)(2). When a federal court exercises subject matter based on diversity citizenship, the personal jurisdiction analysis is the same as that of the state court in which the federal court resides. *Berry v. Salter*, 179 F. Supp. 2d 1345, 1348 (M.D. Ala. 2001).  Generally, the court must look at both the applicable Long Arm Statute and the Federal Due Process requirements to determine if personal jurisdiction exists over a party. *Id.* However, Alabama's Long Arm Statute allows exercise of personal jurisdiction over non-residents to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *Id.* The Due Process Clause permits the court to summon a non-resident to defend himself in the forum so long as the person has some minimum contacts with that state, and the exercise of personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice.  These requirements must be met as to each defendant. *Id.*

The court's minimum contact analysis requires determining whether personal jurisdiction exists in either the specific or general form.  Specific jurisdiction exists where a party's contacts with

2

the forum are related to a litigation.  General jurisdiction exists where a party has such frequent and regular contacts with the forum that the party should reasonably anticipate being haled into court in the forum State.  This jurisdiction is proper even though the party's contacts are unrelated to the cause of action.  These thresholds have been established by the United States Supreme Court in cases such as *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-78 (1985).  *Id.*

### 1.    <u>Specific Jurisdiction</u>

For specific jurisdiction to apply, the non-resident defendants' contacts with the forum must be such that they have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign.  Such individuals have fair warning if they purposefully direct their activities to the forum from which the cause of action arises.  To constitute minimum contacts to for the purpose of specific jurisdiction, a defendant's contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum, thus invoking the benefits of protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court there.  *Vermeulen v. Renault*, *USA, Inc.*, 985 F.2nd 1534, 1546 (11th Cir. 1993).

In *Berry*, the court determined that there was no specific jurisdiction where the case was filed in Alabama, the defendants were non-residents and the accident occurred in Georgia.  *Berry* at 1348.  Here, neither defendant is a resident of the State of Alabama.  (Oliver Affidavit, Williams Affidavit)  It is undisputed that the accident itself occurred in Georgia.  (Complaint)  Because the facts of the litigation itself do not relate to Alabama, there is no specific jurisdiction over either defendant.

### 2.    <u>General Jurisdiction</u>

In the absence of an action arising out of a non-resident defendant's purposeful for contact with the forum, general jurisdiction will exists when the defendant engages in systematic and

continuous activities in the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). Due process requires that continuous and systematic contacts exist for the forum state to exercise general personal jurisdiction because the forum state does not have an interest in the cause of action. *Id.* at 415-16. Contacts between a defendant and the forum state must be extensive to satisfy the continuous and systematic tests. *Lyons v. Swift Transportation Company, Inc.*, 2001 U.S. Dist. LEXIS 15585 (E.D. La. 2000).

In *Helicopteros*, the Supreme Court held that the numerous contacts between the defendant and the State of Texas were not continuous and systematic. There, for seven years, Helicopteros purchased helicopters, spare parts and accessories from Bell Helicopters in Texas. Helicopteros sent prospective pilots to Texas for training and managers and maintenance personnel of Helicopteros visited Bell in Texas. Nonetheless, the Supreme Court held that the purchases and related trips into the forum, standing alone, were not a sufficient basis for the state to assert jurisdiction. Instead, the Supreme Court emphasized that Helicopteros had never been authorized to do business in Texas, never had an agent for service of process in Texas, never solicited business in Texas, never signed a contract in Texas (although it did contract with residents of Texas several times), never had any employee based in Texas, never maintained an office in Texas, did not maintain any records in Texas and did not have any shareholders in Texas. *Helicopteros* at 411-17. Despite all the contacts that Helicopteros had with Texas, the Supreme Court found that the contacts were insufficient to allow Texas to assert jurisdiction over the non-resident defendant.

In *Lyons v. Swift Transportation Company*, the Eastern District of Louisiana found that Swift's contacts were insufficient to confer general jurisdiction. *Id.* at *11. In *Swift*, the defendant had a designated agent for service of process in Louisiana under the Motor Carrier Act. Swift admitted that its trucks traveled through Louisiana and delivered goods there from time to time. However, there was no showing that Swift trucks regularly traveled in or through Louisiana and

4

there was no evidence showing the volume of business Swift did in Louisiana or the frequency with which Swift trucks passed through the state. *Id.* at *3. Plaintiff presented evidence to the Court that Swift's stock prospectus advertised that it was the nation's third largest publically traded truckload carrier and that it transported goods to national retail companies. However, the prospectus provided no information regarding Swift's business in Louisiana. *Id.* at *14. Swift was not incorporated in Louisiana nor was its principal place of business in Louisiana. Swift did not own, maintain or lease offices or other properties in Louisiana. *Id.* at *3. The Court found that designating an agent under the Motor of Carrier Act, having four employees with Louisiana driver's licenses, being involved in one accident in Louisiana in the previous 30 months, passing through Louisiana occasionally and delivering goods in Louisiana was insufficient to establish general personal jurisdiction over Swift. *Id.* at *15.

Here, Evergreen Timber, Inc.'s contacts with the state of Alabama are even more tenuous than Swift's contacts were with Louisiana. Evergreen Timber is not a national motor carrier and does not regularly transport goods into or out of the state of Alabama. (Oliver affidavit) Evergreen Timber, Inc. does not own or maintain an office in Alabama and has no employees in Alabama. (Oliver affidavit) Evergreen Timber, Inc.'s principal place of business is in Cuthburt, Georgia where it's offices are located. (Oliver affidavit) Finally, Evergreen Timber, Inc. is a corporation organized and existing under the laws of the state Georgia. (Oliver affidavit) Taken as a whole, it apparent that Evergreen Timber, Inc. does not have sufficient minimum contact with the state of Alabama to qualify as continuous and systematic for the purposes of constituting general jurisdiction.

Defendant Williams, Mr. Williams is a resident of Georgia. Mr. Williams holds a Georgia driver's license, and does not own property in Alabama. He works for a Georgia corporation, and at the time of the accident was delivering a load to Cedar Springs, Georgia. The due process requirements for general jurisdiction are more stringent than those for specific jurisdiction. *Potts v. Dyncorp International, LLC, et al,* 465 F.Supp.2d 1254,1258 (M.D. Ala. 2006) In order to

5

exercise general personal jurisdiction, there must be continuous and systematic contacts with the forum state and the defendant. Here, Mr. Williams lives in and works in Georgia. The fact that he at one time had an Alabama driver's license is not dispositive. Past extensive contacts with the forum state are insufficient to establish general jurisdiction. *Potts* at 1259 *Potts* is a case in which the individual defendant once lived in Alabama, attended school in Alabama, used Alabama as his home address when in the National Guard, had two suits filed against him in Alabama, but left the state before the instant suit was filed. Nothing that the concept of personal jurisdiction was a fluid concept, the determined that Potts did not have sufficient contacts with Alabama at the time of the instant suit to allow the exercise of personal jurisdiction. *Id.* Such is the case here. While Mr. Williams may at one time have held an Alabama driver's license, he now has a Georgia license and is a Georgia resident working for a Georgia corporation.

Because there is neither general nor specific jurisdiction personal jurisdiction over the defendants, this matter is due to be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

**B.    If this Honorable Court finds that this matter should not be dismissed for lack of personal jurisdiction over the Defendants, Georgia law should apply to this case.**

In the event that this Honorable Court determines that there are sufficient minimum contacts to establish personal jurisdiction over the defendants, Georgia law should apply to the facts o f this case. When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). The Erie doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of-law rules. *Strochak v. Federal Ins. Co.*, 109 F.3d 717,719-20 (11th Cir. 1997)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)).

*Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an

6

Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991)(citations omitted).

In *Harris v. Freightliner*, this Court addressed a choice of law question where an accident occurred in Georgia, but suit was filed in Houston County, Alabama and then removed to the United States District Court for the Middle District of Alabama. *Id.*, 354 F. Supp. 2d 1266, 1268 - 1269 (M.D. Ala. 2004) The defendants in *Harris* argued that Georgia law should be applied to the case, and using the analysis cited above, the Court agreed, saying that it must apply the law of the place of the injury to the action. *Id.*

Here, the accident made the basis of this suit occurred on Georgia Highway 62 West in Early County, Georgia. (Accident Report, Exhibit B; Complaint 6) This suit was removed to this court on the basis of diversity, and is therefore a diversity action. Applicable choice of law principles require the application of the law of the state in which the accident occurred. Here, because the accident at issue occurred in Georgia, the choice of law principles dictate that Georgia law should apply to this case.

**WHEREFORE**, Defendants Timothy Lashawn Williams and Evergreen Timber, Inc. by and through their undersigned counsel of record respectfully request that this Honorable Court dismiss this action for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) or in the alternative, apply Georgia law to this case.

/s/ WILLIAM H. SISSON
WILLIAM H. SISSON (SISSW9947)
CAROLINE T. PRYOR (PRYOC2802)
Attorneys for Defendants -- TIMOTHY
LAWSHAWN WILLIAMS and EVERGREEN
TIMBER, INC.

**OF COUNSEL:**

7

CARR, ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 - Facsimile
wsisson@carrallison.com
cpryor@carrallison.com

## **<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have on this 14th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court to the following:

David W. Rousseau, Esq.
211 West Adams Street
Dothan, Alabama 36303


/s/ WILLIAM H. SISSON
OF COUNSEL



ELECTRONICALLY FILED
7/10/2007 4:33 PM
CV-2007-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

JESSE LADON STRICKLAND,              *
                                     *
        PLAINTIFF,                   *
                                     *
VS.                                  *      Case No. CV-2007-_____
                                     *
TIMOTHY LASHAWN WILLIAMS and         *
EVERGREEN TIMBER, INC.               *
                                     *
        DEFENDANTS.                  *

### COMPLAINT

Plaintiff states as follows:

### JURISDICTION

1. The matter in controversy, exclusive of costs, exceeds ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

2. Plaintiff is a resident citizen of Geneva County, Alabama.

3. Defendant Williams is a resident citizen of Eufaula, Alabama.

4. By information and belief, Evergreen Timber, Inc. is a Georgia corporation qualified to do business in Alabama.

COUNT I
Negligence

5. Plaintiff incorporates by reference the preceding paragraphs into this complaint as if they were set out herein in their entirety.

6. On or about October 28, 2005, Plaintiff suffered severe personal injury when the farm implement attached to a farm tractor he operated was struck from behind while Mr. Strickland was traveling upon Georgia Highway 62 West.

7. The collision was caused by the negligent act of Defendant Williams who caused or allowed the log truck he operated, which was traveling in the same direction as Mr. Strickland, to collide with the farm implement attached to the farm tractor.

8. Mr. Strickland was knocked off of the tractor by the collision and the tractor ran over him.

9.  As a result of the previously described incident, Mr. Strickland's left hip was crushed, his left leg was broken, the ring finger of his left hand was broken, the middle finger of his left hand was cut, his hip and ribs were severely bruised, his back was injured and he was otherwise battered and made sore.

10.  As a result of the previously described injuries, Mr. Strickland incurred medical bills when he had his hip and leg fractures surgically repaired.  Mr. Strickland will require additional surgeries in the future a.

11.  As a result of the injuries described above, Mr. Strickland could not continue in his prior job and has lost and will continue to lose income due to his physical limitations which are believed to be permanent.

12.  As a result of the physical injuries and treatment necessitated by the injuries sustained in the collision, Mr. Strickland has suffered physical pain and mental anguish.

13.  At the time of the collision Defendant Williams was employed by the Defendant Evergreen Timber, Inc.

14.  The collision occurred while the Defendant Williams was acting within the line and scope of his employment with the Defendant Evergreen Timber, Inc.

Wherefore, Plaintiff demands judgment against the Defendants for $2,500,000.00 in compensatory damages and court costs.

COUNT II
Wantonness

15.  Plaintiff incorporates by reference the preceding paragraphs into this complaint as if they were set out herein in their entirety.

16.  The collision was caused by the wanton act of Defendant Williams who caused or allowed the log truck he operated, which was traveling in the same direction as Mr. Strickland, to collide with the farm implement attached to the farm tractor.

17.  As a result of the wanton actions of the Defendant Williams, the Plaintiff suffered the injuries and damages previously outlined above.

18.  At the time of the Defendant Williams' wanton conduct, he was operating within the line and scope of his employment with the Defendant Evergreen Timber, Inc.

Wherefore, Plaintiff demands judgment against the Defendants for $7,500,000.00 in punitive and compensatory damages and court costs.

Dated this the ____19th____ day of July, 2007.

 s/ David W. Rousseau
DAVID W. ROUSSEAU (ROU007)
211 W. Adams Street
Dothan, Alabama  36303
(334) 699-9000
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury.


 s/ David W. Rousseau
David W. Rousseau


**Please serve defendants by certified mail at:**

**Evergreen Timber, Inc.**
**c/o John Michael Oliver**
**1902 Bell Mill Rd., P.O. Box 277**
**Cuthbert, GA 39840**

**Timothy Lashawn Williams**
**71 County Street**
**Eufaula, AL 36027**

10/31/2005  05:55    2297325507    EVERGREEN TIMBER INC    PAGE  02

| Accident Number 41770 | Agency NCIC No GA0490000 | **GEORGIA UNIFORM MOTOR VEHICLE ACCIDENT REPORT** | County EARLY | Date Rec. By DPS 10/28/2005 |
|---|---|---|---|---|

| Date 10/28/2005 | Day Of Week  Sun M T W Th F S | Time 1232 | Off Arrived 1233 | Total Number Of: Vehicles 2  Injuries 1  Fatalities 0 | Inside City Of: |
|---|---|---|---|---|---|

Road Of Occurrence  HWY 62 W   1☐ Interstate  2☒ Lowest St Rt  3☐ Co Road  4☐ City St With

At Its Intersection  1☐ Interstate  2☐ Lowest St Rt  3☐ Co Road  4☐ City St

Not At Its Intersection But    .25  ☒ Miles  ☐ Feet    ☐ North ☐ East  ☐ South ☒ West  Of:  ROCK HILL RD  1☐ Interstate  2☐ Lowest St Rt  3☒ Co Road  4☐ City St.  5☐ Co Line

Corrected Report  Yes ☐
Suppl To Original  Yes ☐

And Continuing in the Direction Check Above The Next Reference Point Is  KINGS RD   1☐ Interstate  2☐ Lowest St Rt  3☐ Co Road  4☐ City St  5☐ Co. Line

| Driver # 1 | Last Name WILLIAMS | First TIMOTHY | Middle LASHAWN | Driver # 2 | Last Name STRICKLAND | First JESSE | Middle LADON |
|---|---|---|---|---|---|---|---|

| Ped ☐ | Address 71 COUNTY ST | | | Ped ☐ | Address 1190 N MAIN ST | | |
|---|---|---|---|---|---|---|---|

| City EUFAULA | State AL | Zip 36027 | DOB 07/19/1981 | City SLOCOMB | State AL | Zip 36375 | DOB 07/04/1962 |
|---|---|---|---|---|---|---|---|

| Drivers License No 7649119 | Class A | State AL | ☒ Male ☐ Female | Drivers License No 4069966 | Class | State AL | ☒ Male ☐ Female |
|---|---|---|---|---|---|---|---|

| Posted Speed 55 | Insurance Co | Policy No. LA0004898 | | Posted Speed 55 | Insurance Co | Policy No. | |
|---|---|---|---|---|---|---|---|

| Year 1999 | Make MACK | Model 600 | Telephone No | Year 1983 | Make JOHN DEERE | Model 2950 | Telephone No. |
|---|---|---|---|---|---|---|---|

| VIN 1M2AA18Y9XW107436 | | Vehicle Color BLU | | VIN 497167 | | Vehicle Color GREEN | |
|---|---|---|---|---|---|---|---|

| Tag # IR1827 | State GA | County RANDOLPH | Year 2006 | Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|

| Trailer Tag # 17089AC | State GA | County RANDOLPH | Year 2006 | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|

| ☐ Same as Driver | Owner's Last Name EVERGREEN | First TIMBER | Middle INC | ☐ Same as Driver | Owner's Last Name CROFT | First KENNETH | Middle JAMES |
|---|---|---|---|---|---|---|---|

| Address 1902 BELL MILL RD | | | | Address 815 WIMBLEDON DR | | | |
|---|---|---|---|---|---|---|---|

| City CUTHBERT | State GA | Zip 31740 | | City DOTHAN | State AL | Zip 36305 | |
|---|---|---|---|---|---|---|---|

| Removed By SELF | | X Request   List | | Removed By TURNAGE TRACTOR | | X Request   List | |
|---|---|---|---|---|---|---|---|

| Alcohol Test 2 | Type | Results | Drug Test 2 | Type | Results | Alcohol Test 2 | Type | Results | Drug Test 2 | Type | Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Driver Condition 1 | Direction of Travel | Vision Obscured 1 | Contributing Factors 3 | | | Driver Condition 1 | Direction of Travel 4 | Vision Obscured | Contributing Factors 1 | | |
| Vehicle Condition 1 | Vehicle Maneuver 5 | Pedestrian Maneuver | | | | Vehicle Condition 1 | Vehicle Maneuver 5 | Pedestrian Maneuver | | | |

| Most Harmful Event 11 | Vehicle Class 7 | Vehicle Type 7 | Most Harmful Event 11 | Vehicle Class 8 | Vehicle Type 20 |
|---|---|---|---|---|---|

| Traffic Control 7 | Device Inoperative? N | Traffic Control 7 | Device Inoperative? N |
|---|---|---|---|

Injured Taken To  SOUTH EAST ALABAMA MEDICAL CENTER    By:  EARLY COUNTY EMS

| EMS Notified Time 1244 | EMS Arrival Time 1249 | Hospital Arrival Time 1333 | Photos Taken: N   By: |
|---|---|---|---|

| Reported By: DONALD ENFINGER | Department EARLY COUNTY S.O | Report Date 10/28/2005 | Checked By: TIMOTHY HARDRICK | Date Checked 10/28/2005 |
|---|---|---|---|---|

| Witness(es): Name | Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|---|

DP8 MICROFILM NUMBER (DO NOT WRITE IN THIS SPACE)

**COMMERCIAL VEHICLES ONLY**

| Carrier Name EVERGREEN TIMBER INC | Carrier Name |
|---|---|
| Vehicle # | Vehicle # |
| Address 1902 BELL MILL RD | Address |

| City CUTHBERT | State GA | Zip 31740 | City | State | Zip |
|---|---|---|---|---|---|

| Number of Axles 5 | G.V.W.R 80000 | Fed. Reportable N | Cargo Body Type 9 | Number of Axles | G.V.W.R. | Fed. Reportable | Cargo Body Type |
|---|---|---|---|---|---|---|---|

| Vehicle Config 6 | I C C M C # | U.S.D.O T # 444584 | Interstate ☐ Intrastate ☐ | Vehicle Config. | I C C M C # | U S D O T # | Interstate ☐ Intrastate ☐ |
|---|---|---|---|---|---|---|---|

| C D L ? Y | C.D.L Suspended? | C.D.L ? | C D L Suspended? |
|---|---|---|---|

| Vehicle Placarded? N   Hazardous Materials? N   Released? N  If YES Name or 4 Digit Number from Diamond or Box:  1 Digit Number from Bottom of Diamond: | Vehicle Placarded?   Hazardous Materials?   Released?  If YES, Name or 4 Digit Number from Diamond or Box:  1 Digit Number from Bottom of Diamond: |
|---|---|

| ☐ Ran Off Road | ☐ Down Hill Runaway | ☐ Cargo Loss Shift | ☐ Separation of Units | ☐ Ran Off Road | ☐ Down Hill Runaway | ☐ Cargo Loss Shift | ☐ Separation of Units |
|---|---|---|---|---|---|---|---|

10/31/2005  05:55  2297325507                EVERGREEN TIMBER INC              PAGE  03

---

**REMARKS**

THE DRIVER OF THE SEMI TRUCK SAID THAT HE WAS APPROACHING ANOTHER SEMI THAT SWUNG OUT TO
PASS THE TRACTOR AND MODULE BUILDER BUT BY THE TIME HE SAW WHAT THE TRUCK WAS PASSING HE
WAS RIGHT BEHIND THE MODULE BUILDER AND COULD NOT PASS BECAUSE OF A CAR COMING IN THE OTHER
LANE. SO INSTEAD OF BEING ABLE TO AVOID AN ACCIDENT HE HIT THE REAR OF THE MODULE BUILDER. THE
SEMI PUSHED THE TRACTOR AND MODULE BUILDER APPROXIMATELY 100' SOMETIME DURING THE PUSH THE
MODULE BUILDER AND TRACTOR SEPERATED.THE MODULE BUILDER CAME TO REST WITH HALF OF IT
STICKING OUT IN THE ROAD BLOCKING THE WEST BOUND LANE WITH THE REST OF IT IN THE DITCH. THE
TRACTOR CAME TO REST APPROXIMATELY 30' EAST OF THE MODULE BUILDER IN THE DITCH.THE DRIVER OF
THE TRACTOR WAS LAYING IN THE DITCH BESIDE THE TRACTOR THE DRIVER OF THE SEMI TRUCK WAS
WRITTEN A CITATION FOR FOLLOWING TOO CLOSE

---

INDICATE ON THIS DIAGRAM WHAT HAPPENED

NOT TO SCALE

INDICATE NORTH



WHERE VEHICLES WERE UPON OFFICERS ARRIVAL

TRACTOR

MODULE BUILDER

AREA OF IMPACT

LOG TRUCK AND TRAILER

---

| Accident Investigation Site? [N] | CITATION - VEHICLE # __1__ 6882 | | CITATION - VEHICLE # __2__ | |
|---|---|---|---|---|
| Site Number: | FOLLOWING TO CLOSE | | NO CITATIONS | |

| First Harmful Event 11 | Traffic-Way Flow 1 | Weather 1 | Surface Cond 1 | Light Condition 1 | Manner Of Collision 3 | Location At Area Of Impact 1 | Road Comp 2 | Road Defects 1 | Road Character 1 |
|---|---|---|---|---|---|---|---|---|---|

| | VEH. # 1 | VEH. # 2 | | | | |
|---|---|---|---|---|---|---|
| Number of Occupants | 1 | 1 | SKID DISTANCE BEFORE IMPACT | UNK | AFTER IMPACT | UNK |
| Point Of Initial Contact | 1 | 6 | | | (VEH. 1 ) | Width Of Road |
| Damage To Vehicles | 3 | 4 | | | (VEH. 2 ) | 27' |

| Damage Other Than Vehicle: COTTON MODULE BUILDER | Owner EARLY COUNTY GIN | | AGE | SEX | VEH NO. | POS | INJURY | TAKEN FOR TREAT. | EJECT | SAFETY EQUIP. | EXTRIC. | AIR BAG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Occupants | | Driver # 1  Or Pedestrian # | | | | | 0 | 2 | 1 | 3 | 2 | 0 |
| | | Driver # 2  Or Pedestrian # | | | | | 3 | 1 | 1 | 0 | 2 | 0 |
| Last Name      First          Address | City          State     Zip | | | | | | | | | | | |

1IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE LANDON STRICKLAND, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number _____ |
| TIMOTHY LASHAWN WILLIAMS and EVERGREEN TIMBER, INC., | ) | Removed from Barbour County Circuit Court, Eufaula Division Case No. CV 2007-900032 |
| | ) | |
| Defendants. | | |

## AFFIDAVIT OF JOHN MICHAEL OLIVER

STATE OF GEORGIA          )

COUNTY OF RANDOLPH    )

I, John Michael Oliver, being over the age of 19 and first duly deposed and sworn, hereby swear that the following is based on my personal knowledge of the facts contained herein.

1.      I am the President of Evergreen Timber, Incorporated.

2.      Evergreen Timber, Inc. is a Georgia corporation with its principal place of business in Cuthbert, Georgia.  Evergreen Timber, Inc. was incorporated on July 1, 1997 in Cuthbert, Georgia. Cuthbert, Georgia is located in Randolph County, Georgia.  Evergreen Timber, Inc. does not have any offices or employees situated in Alabama.

3.      As the President of Evergreen Timber, Inc. I am aware of the names of employees of Evergreen Timber, Inc.  As of October 28, 2005, Timothy L. Williams was an employee of Evergreen Timber, Inc.

4.      On October 28, 2005, Timothy Williams was delivering a  load to Georgia Pacific

1

in Cedar Springs, Georgia when he was involved in an accident with Jessie Strickland.

5.    At the time of the accident, Mr. Williams was operating a tractor and log trailer owned by Evergreen Timber, Inc.

Further the Affiant saith not.

**JOHN MICHAEL OLIVER**
**President of Evergreen Timber, Inc.**

COUNTY OF RANDOLPH    )

STATE OF GEORGIA        )

Given under my hand and official seal this __6__ day of __August__ 2007.

Notary Public
My Commission Expires:

2

AFFIDAVIT OF TIMOTHY LASHAWN WILLIAMS

STATE OF GEORGIA
COUNTY OF Clay

I TIMOTHY LASHAWN WILLIAMS, BEING OVER THE AGE OF 19 AND DULY DEPOSED AND SWORN, HEREBY SWEAR THAT THE FOLLOWING IS BASED ON MY PERSONAL KNOWLEDGE OF THE FACTS CONTAINED HEREIN.

1. I LIVE IN FT. GAINES, GEORGIA, WHICH IS IN CLAY COUNTY, GEORGIA. A COPY OF MY DRIVER'S LICENSE IS ATTACHED TO THIS AFFIDAVIT.

2. I DO NOT LIVE IN ALABAMA, AND DO NOT OWN PROPERTY THERE

3. ON OCTOBER 28, 2005, I WAS DELIVERING A LOAD TO GEORGIA PACIFIC, IN CEDAR SPRINGS, GEORGIA WHEN I WAS INVOLVED IN AN ACCIDENT WITH JESSIE STRICKLAND

_Timothy Lashawn Willia_
TIMOTHY LASHAWN WILLIAMS

COUNTY OF _Clay_ )

STATE OF GEORGIA )

Given under my hand and official seal this __3__
day of _August_ 2007.

_Dellrie James_

Notary Public
My Commission Expires: _01-01-09_

2



NUMBER 054332648     EXPIRES 07-19-2012
WILLIAMS, TIMOTHY LASHAWN
487 BETHEL RD
FORT GAINES, GA 39851-2809
SEX          BIRTHDATE      ISSUE DATE   COUNTY
M     07-19-1981     03-16-2007     030
HEIGHT     WEIGHT     CSC     FEE     RESTRICTIONS
6-02     197     1 240     021.00
CLASS     ENDORSEMENTS     TYPE
A          TN          CDL

